Scanned at Pinckneyville CC and e-mailed

_3/7/22_ by _CB_ _50_ pages
Date        Initials   No.

# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

**22-456-NJR**

RICHARD CLEVELAND # Y-38042    )
_____    )    Case Number: _____
_____    )
_____    )    *(Clerk's Office will provide)*
_____    )
        *Plaintiff(s)/Petitioner(s)*    )
            v.    )    ☒ CIVIL RIGHTS COMPLAINT
BOB BLUM, PERCEY MYERS, CHRISTINE BROWN,    )    pursuant to 42 U.S.C. §1983 (State Prisoner)
CRYSTAL CROW, JEFFERY DENNISON, DAVID    )
MITCHELL,            ROB JEFFREYS,    )    ☐ CIVIL RIGHTS COMPLAINT
and (IDOC) ILLINOIS DEPARTMENT OF    )    pursuant to 28 U.S.C. §1331 (Federal Prisoner)
CORRECTIONS, Sued In Their Individual    )    ☐ CIVIL COMPLAINT
and Official *Defendant(s)/Respondent(s)*    )    pursuant to the Federal Tort Claims Act, 28 U.S.C.
Capacity,        )    §§1346, 2671-2680, or other law

VENUE: 28 USC §1391(b) SD.FED. as this is V. where claims occurred.

I.    **JURISDICTION** pursuant to 28 U.S.C. §1331,42 U.S.C §1343(a)(3); 42
U.S.C. §1983; Title II of §504 of the (RA) Rehabilitation
Act of 1973 and (ADA) Americans with Disabilities Act 1990

**Plaintiff:**

A.    Plaintiff's mailing address, register number, and present place of
confinement.
        Mr. Richard Cleveland Y-38042
        Pinckneyville Corr. Cntr.
        5835 State Route 154
        Pinckneyville IL. 62274

**Defendant #1:** See the following page

B.    Defendant _____ is employed as
                (a)    (Name of First Defendant)

        _____
                (b)    (Position/Title)

    with _____
                (c)    (Employer's Name and Address)

        _____

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?    ☐ Yes    ☐ No

If your answer is YES, briefly explain:

Rev. 10/3/19

NOTE: 16 Pg. Compl. with 34 Pg's. exhibits

Defendants:

All herein State employee Defendants can be located at the following address:

State of Illinois
Illinois Department of Corrections
1301 Concordia Court
Springfield, Illinois
62794

**B.** Defendant #1:

Defendant Bob Blum at all times during this complaints cited events is a (WHCS) Wexfold Health Care Source employee, under contract with IDOC as it's (PNKCC) Pinckneyville Correctional Center health care provider. Defendant Blums job title is PNKCC (NP) Nurse Practitioner. Defendant Blum is subordinate employee of supervisors Defendants Myers, Brown, Crow, Dennison, Mitchell, Jeffreys. Defendant Blume duties include examining "Persons in Custody-Plaintiff" (PICP) for obvious ailments; initiating in house-prison x-rays; writing prescriptions. Defendant Blums job duties do "not" include altering any of Defendant Myers prescriptions without supervisory consent.

**C.** Defendant #2:

Defendant Percey Myers at all times during this complaints cited events is a WHCS employee, employeed at PNKCC. Defendant Myers job title is licensed general physician practitioner. Defendant Myers is subordinate employee of supervisors Defendants Brown, Crow, Dennison, Mitchell, Jeffreys. Defendant Myers duties include supervisory "review" of Defendant Blums examination of PICP for obvious ailments; initiating in house-prison x-rays/medical screening, writing prescriptions. Defendant Myers additionally has authority to initiate follow-up in house medical treatment. Moreso Defendant Myers retains the authority to petition WHCS collegial supervisors for timely approval of specialist medical treatment for PICP. Defendant Myers notifies Defendant Brown regarding specialist related issues.

**D.** Defendant #3

Defendant Christine Brown at all times during this complaints cited events is a WHCS employee, employeed at PNKCC. Defendant Browns job title is (HCUA) Health Care Unit Administrator. Defendant Brown is subordinate employee of supervisors Defendants Crow, Dennison, Mitchell, Jeffreys. Defendant Browns duties include responding to PICP HCUA & ADA/RA related grievance complaints; supervising "all" HCU PNKCC WHCS (under contract of IDOC) employees; reviewing decisions of Defendant Myers with regards to medical specialist for PICP, concerning transportation; notifying Defendant Crystal Crow, David Mitchell of PICP need for IDOC TRANSPORTATION TO specialist.

**E.** Defendant #4

Defendant Crystal Crow at all times during this complaints cited events is an IDOC employee, employed at PNKCC. Defendant Crows job title is Assistant Warden of Programs and A.D.A./RA Coordinator, Defendant Crow is subordinate employee of supervisors Defendants Dennison, Mitchell, Jeffreys. Defendant Crows duties include responding to PICP HCUA & ADA/RA (program) related grievance complaints; reviewing decisions of Defendant Brown with regards to medical specialist for PICP, concerning transportation; notifying Defendant David Mitchell of PICP need for IDOC transportation to specialist,"timely so", with ability to override all prior decisions.

**F.** Defendant #5

Defendant Jeffery Dennison at all times during this complaints cited events is an IDOC employee, employed at PNKCC. Defendant Dennisons job title is "superviser" Chief Administrator-Warden of Operations, Defendant Dennison is subordinate employee of IDOC supervisors-Defendants Mitchell, Jeffreys. Defendants duties include responding to PICP HCUA and "all" PNKCC institutional grievances through providing final responses at the institutional level, with ability to override all prior decisions.

**G.** Defendant #6

Defendant David Mitchell at all times during this complaints-cited events is an IDOC employee, employed at PNKCC. Defendant Mitchells job title is "supervisor" Chief Administrator-Warden of Operations, Defendant Mitchell is a subordinate employee of IDOC supervisor-Defendant Jeffreys. Defendants duties include responding to PICP HCUA and "all" PNKCC institutional grievances through providing final responses at the institutional level, with ability to override all prior decisions.

**H.** Defendant # 7

Defendant Rob Jeffreys at all times during this complaints sited events is an IDOC employee, employed at IDOC Administration Building. Defendant Jeffreys job title is Director of IDOC Operations, subordinate employee of J.B. Pritzker, with ability to override all prior decisions with regards to all IDOC grievances during Administrative review level; and duty to supervise Defendants Mitchell, Dennison, Crow, Brown, Myers, Blum concerning being directly responsible for providing PICP adequate-timely medical care;BEFORE PICP February of 2020 PNKCC-HCU-TIMELY reported NUMB-arm-&-hand,through Defendant Jeffreys intentional deliberate indifferent treatment to PICP USC Rights to TIMELY adequate medical-medical care;caused permanent "ATROPHY" DISABILITY set into nerve damaged ("initially February reported)partially functioning MUSCLES in right hand through recklessly denying "timely access to PNKCC

DOCTOR-Defendant Myers (1st seen PICP on July 20,2020 after causing atrophy disability. (exhibit 16). Thus,"all" defendants recklessly denied PICP TIMELY ACCESS TO A DOCTOR AND QUALIFIED DOCTOR AT THAT..... DELAY ENDED ON SEPTEMBER 29,2020 (exhibit 24 pp.1-4).

I. Defendant #8

Defendant IDOC is the Illinois Department of Corrections "entity" (See Jaros v. Il. Dept.of Corr's) (Defendant Jeffreys is IDOC proxy spokesman). Federal Funds are received by IDOC and it's State actor employee's are and were suppose to use the funds in compliance with the (USDOJ) United States Department of Justice grant stipulation. But, Defendant IDOC at all times during the events within this complaint "and presently in an ongoing continuous pattern still intentionally refuse to apply federal USDOJ RA grant funds to accommodate the right hand fingers disability all herein Defendants caused."

All abovementioned Defendants can be located at and through IDOC 1301 Concordia Court, Springfield, Illinois 62794

All Defendants are legally responsible for complying with PICP USC rights and RA/ADA rights secured by PICP USC rights as cited herein this complaint.

## MEMORANDUM OF LAW

Tyrone Petties v. Imhotep Carter 836 F.3d 722 (USCA #7 2016) stating:

a) Court looks at the totality of an inmates medical care when considering whether the care evidences deliberate indifference to serious medical needs Id. at 728

b) while the cost of treatment is a factor in determining what constitutes adequate minimum level care medical personnel cannot simply resort to an easier course of treatment that they know is ineffective Id. at 730

c) of course delays are common in the prison setting with limited resources, and whether the length of the delay is tolorable depends on the seriousness of the condition and the ease of providing treatment. See Jones v. Simek 193 F. 3d 485 at 490 (viable claim where doctor delayed scheduling appointment with specialist and that failed to follow specialist advice while inmates condition worsened Id, at 730

and

d) qualified immunity does not apply to private medical personnel in State prisons. See, Shields v. Illinois Department of Corr's. 746 F. 3d 782, 794 (2014)

> To overcome qualified immunity in all other circumstances plaintiff must show:(1)Defendants actions violated the constitution or statutory right; and (2) the right was clearly established at the time of the complained of conduct;Estate of Smart v. City of Wichita 951 F. 3d 1161(10th Cir.2010)

NOTE: All Defendants deny law library "pro-se research" access to PICP. Access is limited to 1 to 4 persons In Custody, dispite the area is larger than the health care waiting room that allows 10 plus. PICP had to barder with PICP personal commissary to persuade another to utilize his own personal typewriter to type up "my" contentions in this complaint, and his assistance is no longer available. Thus PICP has filed an accompanyingMotion for Appointment of Counsel.

U.S.C.A. Eighth

U.S.C.A. Fourteenth


The Rehabilitation Act of 1973

The Americans with Disabilities Act of 1990

Fed. R. App. Proc. 57

Fed. R. App. Proc. 4 (c)(1)


Fed. R. Civ. Proc. 65

II.     **PREVIOUS LAWSUITS**

A.     Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☐Yes ☐No

B.     If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  <u>List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability</u>, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
      Plaintiff(s):


      Defendant(s):


2.    Court (if federal court, name of the district; if state court, name of the county):

3.    Docket number:

4.    Name of Judge to whom case was assigned:

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):

Rev. 10/3/19

7.  Approximate date of filing lawsuit:

8.  Approximate date of disposition:

9.  Was the case dismissed as being frivolous, malicious, or for failure to
    state a claim upon which relief may be granted and/or did the court
    tell you that you received a "strike?"

III.  **GRIEVANCE PROCEDURE**

A.  Is there a prisoner grievance procedure in the institution?  ☒ Yes   ☐ No

B.  Did you present the facts relating to your complaint in the prisoner
    grievance procedure?                                        ☒ Yes   ☐ No

C.  If your answer is YES,
    1.  What steps did you take? Filled it out submitted it through
        FRAP Rule 4 (c)(1) fully exhausting the hereto
        grievance marked as exhibit 7pp 1-3 with exhibit 9.

    2.  What was the result? Denied relief refusing to allow me
                             to be seen by a doctor to have my
                             damaged nerves in injured arm and
                             hand properly timely medically
                             evaluated. Instead ALL Defendants
                             provided cheaper knowingly ineffective
                             treatment causing arm-hand disability.
D.  If your answer is NO, explain why not.

E.  If there is no prisoner grievance procedure in the institution, did you
    complain to prison authorities?                             ☐ Yes   ☐ No

F.  If your answer is YES,
    1.  What steps did you take?

Rev. 10/3/19

2.     What was the result?


G.     If your answer is NO, explain why not.


H.     Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

## IV.    STATEMENT OF CLAIM

A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated.  Do not include legal arguments or citations.  If you wish to present legal arguments or citations, file a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

4.-A

### INTRODUCTION

PICP Mr. Richard Cleveland Y-38042 is a disable wheelchair-bound "person in custody" currently housed under the custody and control of the IDOC, in it's PNKCC.

Plaintiff brings this fact pled complaint against "all' Defemdants for recklessly treating PICP deliberately indifferent to his USC Eighth Amendment prohibition against cruel and unusual punishment right, through depriving PICP of his USC Fourteenth Amendment due process &equal protection clause rights to adequate and timely medical care.

Additionally this complaint is against Defendant IDOC and it's proxy spokesman thats also responsible for assuring that the terms of the (USDOJ) United States Department of Justice RA(including the later ADA) Federal Grant is complied with, as herein named Defendant Rob Jeffreys (IDOC Director).

Defendants, (minus Defendant Dennison) are responsible for intentionally discriminating against PICP in an ongoing continuous pattern,"because OF PICP ARM/HAND DISABILITY, through knowingly refusing to make any ACTUAL accommodation " for the new ATROPHY arm/hand permanent disability  Defendants inflicted on PICP ".

Defendants recklessly continue to deny PICP his USC secured Subordinate ADA 42 USC §12101.-§12132 (a)(b) and RA 29 USC §701,.#794(a) Rights.

PICP seeks an urgent preliminary injunction; and permanent injunction, compensatory damages; punitive damages, declatory relief

Rev. 10/3/19

4. B

Count I

February 18,2020 to September 20,2020 in an ongoing
continuous pattern Defendants Blum, Myers, Brown,
Crow, Dennison, Mitchell, Jeffreys intentionally
violated PICP USC Eighth  Amendment prohibition
against cruel and unusual punishment right through
recklessly depriving plaintiff of his USC Fourteenth
Due process Clause, Equal Protection Clause rights.
Defendants treated PICP intentionally deliberately
indifferent to his severe medical needs, causing
permanent ongoing painful right arm and hand atrophy
disability upon knowingly prescribing and condoning
grossly wrong medical treatment,in hopes to keep
denying access to (specialist) doctor need for PICP
to receive "timely" adequate medical treatment.

Defendants Blum, Myers, Brown, Crow, Dennison, Mitchell, Jeffreys intentionally
delayed PICP access to a doctor and also specialist phisician, while having full
knowledge that PICP required medical care for injured nerves conrtolling/activating
muscle movement in right arm,hand fingers; Because PICP repeatedly "begged" to be
seen by a doctor.

Count I FACTS

Beginning February 18,2020 (pian and numbness) See exhibit-3; March16,2020 (weaker
and more numb) exhibit-4; March 20,2020 (numbness fingers don't work) exhibit-5;
March 22,2020 (wrist and 3 fingers are now numb) exhibit-6; March 25,2020
Institutional Grievance (right wrist & hand numb need to see right kind of doctor
for this condition) exhibit-7,pp.1-3; March 27,2020 (pain and numbness in right
hand & fingers) exhibit-8; March 31,2020 (unable to straighten arm nor fully use
hand, grip weak/ NP-Defendant BLUM will TRY physical therapy) exhibit-9; April-9,
2020 (pain and numbness in right hahd & arm) exhibit-10; April 16,2020 (numbness
and burning from hand to elbow) exhibit-11; April 16,2020 (seen nurse 3X,hand hardly
works/pain ) exhibit-12; April 27,2020 Reply to exhibit-7 Inst. Griev. (PICP was
seen by  NURSE & will see physical therapist. PICP has ACCESS to medical care)
exhibit-13; April 28,2020 (right hand numb can't make a fist)it's loss of movement)
exhibit-14; July 15,2020 (Physical therapist reports PICP has gotten progressively
weaker, ATROPY in right hand, a "pop"sound exist in right elbow— THERAPIST RECOMMENDS
UE/HAND/ORTHOPEDIC BE CONSULTED--5 months in and now atrophy and still no doctor seen)
nor medical treatment provided for February 18 repeatedly reported medical problem)
exhibit-15; July 16,2020 (PICP,for the first time by Defendant-doctor-Myers and all
herein §1983 Compl. Defendants allowed PICP to be seen by the prison doctor 5 months
after repeatedly begging for a doctor. Defendant-doctor-Myers only NOW submitted

10 of 50

PICP newly developed atropy condition to WHCS collegial for approval of PICP "accordingly to receive adequate medical examination for February 2020 complained of NON- atropy injuries")exhibit-16. July 20,2020(Defendant Myers allowed PICP to be seen a 2nd time, documented pain, how it's constant exhibit-16;July 20,2020 Defendant Myers allowed PICP to be seen a 3rd time, documenting PICP pain as an 8)(on a scale of 1 to 10) exhibit-18; August 10,2020 (acknowledged PICP sleep deprivation-forearm pain, injury weakness unable to hold razor to shave) exhibit-18; August 12,2020(PICP pain getting worse and witnessed a loud audio "pop")exhibit-19; August 17,2020 (documented swelling in tight hand & atrophy in PICP right forearm exhibit 20; August 20,2020 acknowledged injuries getting worse and worsened .-- August 24,2020 right arm/hand loosing mobility and intense pain exhibit 21; August 30,2020 & August 31,2020 & September 02,2020)exhibit 22;
August 20,2020(Defendant nurse Blum noted that WHCS collegial approved PICP to receive medical care for neurology & nerve issues)exhibit 23;

Finally on September 29,2020(Defendant Myers,Brown,Crow, Dennison,Mitchell,Jeffreys ceased intentionally causing inadequate medical care/atrophy through allowing PICP to receive adequate access to orthopedic specialist physician medical care)exhibit 24 pp.1-4; Thus, All Defendants abovementioned harmful actions caused new disability.

4.e.

## Count II

October 01,2021 (Grev. Rply.) Defendants Myers, Brown, Crow, Mitchell, Jeffreys and IDOC did because of PICP disability intentionally continue presently violating PICP USC Fourteenth Amendment Due Process Clause,Equal Protection Clause rights to USC secured RA 29 USC §701,-§794(a),ADA 42 USC §12101 -§12132(a)&(b) rights. Defendants admit PICP has an arm/hand disability that requires a disability accommodation be made so PICP can write his own USC First Amendment right access to the Courts- Inst. Grev.Proc.and personal writings. Defendants knowingly refuse to "PROVIDE/use RA grant funds to make "in cell 24/7 reasonable disability accommodation of providing one of the many available typewriters as non-disable Persons In Custody similarly situated are allowed by Defendants to possess and do possess in their cells 24/7. Defendant I.D.O.C has typewriters,

### Count II FACTS

October 01,2021 PICP filed institutional grievance exhibit-25 pursuant to Fed. R of App. Proc. 4(c)(1) (considered timely filed "on appeal to the IDOC Director" at time document is signed and dated (12-08-21) as being placed in the institutional mailbox.)

On October 01,2021 PICP made Defendants aware of:

(1) QUOTE; Because of my disability PNKCC HCU Administrator-A.D.A. coordinator Christine Brown,Asst. Warden of PNKCC Programs Crystal Crow knowingly intentionally refuse to make reasonable accommodation of providing me a §29 USC §794 (a) typewriter or word processor in cell with me 24/7. ¶ The abovementioned parties know that my right arm,right elbow (see Grievance #0851-03-20) were permanently injured causing atrophy throughout my entire Right forearm,wrist,hand and incapacited three fingers.

(exhibit 25p.1 of 4)

(2) QUOTE: Approximately 2 weeks ago in passing I verbally complained to Christine Brown that I would like to attend college, write personal letters to family when alone in cell and continue writing the autobiography that I commenced on my own before PNKCC Christine Browns untrained assigned A,D,A, attendant I previously had- along with frozen shut cafeteria door caused said injuries    [ONSET THAT DEFENDANTS DELIBERATE DOCTOR DELAY MADE ATROPHY] Christine Browns reply; to me was you have two cellmates that could write for you.

MY Cell that I'm assigned to has three stranger prisoners-in-it and is only originally designed for two. Christine Brown, Crystal Crow, DAVID MITCHELL intentionally overcrowded this A.D.A. II-disable man cell. These I.D.O.C. employees KNOW THERES 4 persons needing toliet, sink, Desk, Shelf, door bed and "property box & personal belongings (shoes,towles,laundry bag hanging) SPACE.

Yet dispite Christine Brown Knowing all the above, ms. Brown recklessly instructed me to further pester the 2 rather 2 ot ANY of the 3 stranger prisoner-criminal cell-mates beyond the continuous daily presure. I'm forced for space accommodation due to cells overcrowding. As the non-disable 2-man cells have same in cell services but are not blocked from access due to discriminatory overcrowding. Yet, specifically Christine Brown tells me tobe in their FACE begging them to hand author my personel business 24/7 everyday, ON TOP OF THE DAILY COMPLAINING [et.cetra]

(exhibit 25p.2 of 4)

(3) QUOTE:Relief Requested: 1 utilize the 29 USC §794 (a) U.S.D.O.J RA- Federal Grant funds that are provided to I.D.O.C. for I.D.O.C. & it's proxies Rob Jeffreys David Mitchell, Crystal Crow, Chrisbine Brown "to provide a 24/7 in cell typewriter Ican touch, to independantly author my own documents to avoid unwantingly PESTERING stranger criminals in hopes they'll write 24/7 for me. Placed in the institutional mailbox initionally on October 01,2021per FRAP R. 4 (C)(1). 2. Remove the upper bunks from this 2 man USDOJ designed cell to keep me safe so I can access cell services timely.

(exhibit 25p.2 of 4)

After all Defendants are and were made aware through F.R.C'P. Rule 4 (c)(1) (the prison mailbox rule) of the abovementioned filed institutional grievance facts, all Defendants intentionally refused to make any actual disability accommodation. All Defendants recklessly violated PICP USC secured RA 29 USC §701, +§794 (a), ADA 42 USC §12101, §12132 (a) & (b) rights "through all Defendants (cited in this Count II) providing their knowingly superficial specious response to hereto exhibit 25,pp.1-2)

Defendants IDOC, Myers, Brown, Crow, Mitchell arbitrarily provided the following superficial specious response to hereto exhibit 25 then Defendants IDOC by and through it's proxy Defendant Jeffreys " CONDONING and turning a blind eye to Defendants IDOC. Myers, Brown, Crow, Mitchell's superficial specious response they received pursuant to FRAP Rule 4 (c)(1), then never responed themselves.". Thus, Defendants IDOC and Defendant Jeffreys are additionally liable due to their wide spread well settled practice and custom of ignoring official IDOC institutional grievances in IDOC Administrative Review Board Office, then ignoring the content of the " clearly FRAP Rule 4 (c)(1) labeled/noted legal document-grievance. Respondent Superior-supervisor liability, Retain authority to correct but didnt " (exhibit 25,p.3 of 4) All Count II Defendants recklessly provided and also condone their ongoing continuous pattern of violating PICP abovementioned rights as their following superficial specious response to exhibit 25,pp.1-2 institutional grievance: ** - "See The Following Eight  Quotes in Exhibit 25,p.4 of 4 " - **

(4) QUOTE: I dont feel a typewriter would benefit him at this time.|[B]ut PICP is known disable.                                    THEN
QUOTE: The library can assist him with typing. [B]ut all Defendants know that due to COVID19 no typewriter at all,nor in PNKCC law library has been nor ever will be available to 24/7 accommodate PICP arm/hand disability.
                                    THEN

(5) QUOTE: The ADA attendant can also write for him that is part of their job. [B]ut all Defendants are fully aware that "none of the attendant-Persons In Custody" farse ADA attendants contracts cite any duty mandating the person to write for PICP.
                                    THEN

(6) QUOTE: He has not requested a typewriter to my knowledge. [B]ut all Defendants know that Defendants retain absolutely no official duty that mandates PICP's pre-institutional grievance request slips be placed on file. This exhibit 25,pp.1-2 made all aware.
                                    THEN

(7) QUOTE: I did not speak with him regarding the statement he has made. [B]ut, see exhibit 25,p.2 of 4,par. 1. Thus it's Defendant Christine Brown thats providing the USC /RA/ADA discrimination responses, intentionally denying to "actually" make a true disability accommodation "24/7 available to PICP; so PICP can timely and otherwise author his own "private correspondences accessing court,attorney (if appointed one), prison programs,i.e. school,PICP is denied access to school program due to no federal funds are allowed by ALL Defendants to purchase a typewriter to accommodate PICP arm/hand/fingers disability. PICP is blocked from all lenghty written communication

with public defenders office in criminal case on appeal, in comparison to the non-disable similarly situated: PICP due to all defendants discrimination is forced to barder his food in exchange for others to write PICP lenghty communications.

THEN

(8) QUOTE: Cleveland is in a wheelchair and the only room that will accommodate a wheelchair is the 4 man cell. [B]ut, PICP restates and incorporates the above stated QUOTE on herein page 12 second paragraph-quote. It clearly illustrates that all Defendants are fully aware that "their I.D.O.C. 2-man (and thats disable men) cells ARE DANGEROUSLY OVERCROWDED denying PICP access to "timely access to the cells services on an equal basis as the non-disable AND 24/7 stripping disable PICP of his USDOJ/USC RA/ADA initial 2-man cell design purpose/ability to function independantly, NOW always FORCED DAILY TO ARGUE WITH THE 2-NON_DISABLE "Persons In Custody" also for SPACE (there are two wheelchairs too)

THEN

(9) QUOTE: I would assume that if a typewriter was on the commissary list grievant would be able to purchase one for his own personal use.
   [B]ut, Defendant IDOC along with all Defendants know they are suppose to comply with the terms of the USDOJ Federal RA-co-extensive-ADA Grant "which requires Defendant IDOC and it's subordinate Defendants to utilize the funds to actually make purchase of the necessary disability accommodation". Yet, Defendants tell PICP TO create/make his own disability accommodations. Moreso all Defendants have full knowledge PICP needs the typewritter accommodation for accessing the Defendant IDOC school program and on an equal writting basis as the non-disable similarily situated.

THEN

(10) QUOTE: For the time being grievant can go to the library and use the one that is available.

   [B]ut, all Defendants know that not only does PICP require a full time disability accommodating typewriter be provided, but also that all Defendants have blocked off all access to it's law library,

**a.** ## PRELIMINARY INJUNCTION

PICP moves this Court pursuant to FRCP Rule 65 for the issuance of a preliminary injunction against all herein Defendants, to maintain the status quo. As due to PICP arm/hand/fingers known disability and all Defendants intentionally refusing to "make" the reasonable accommodation of providing a typewriter, PICP does NOT have access to the commissary items that the person who typed this complaint demands "as barter" for his services of accommodating my disability. Thus I'll be denied access to the Court unless this Court orders Defendants to utilize the USDOJ Federal Grant Funds to accommodate PICP disability through purchasing a typewriter from Defendant TDOC any facility commissary or from other outside vendor. See Guardians Ass'n v. Civ. Serv. Com'n of City of N.Y. 463 U.S. 582 at 633

QUOTE:    The obligation to comply with the law attached at the time respondents agreed to take federal money, not when the District Court concluded that respondents had violated the law.

**b.** ## PERMANENT INJUNCTION

PICP seeks this Court to ultimately issue a permanent injunction for the "ALL" the abovementioned reasons, as a typewriter is needed to accommodate PICP disability to function independantly, in the many said ways and prison program access.

**c.** ## DECLATORY RELIEF

PICP moves this Court pursuant to FRAP Rule 57 for declatory relief. PICP request this Court explain to Defendants exactly what being in compliance with the USDOJ RA?ADA Federal Grant entails.

V.  * **REQUEST FOR RELIEF** This Court grant PICP apermanent injunction.

    * This Court Grant abovementiond Preliminary Injunction.

    State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office. This Court award:

    * All fees and Court Cost associated with this entire 42 USC §1983 from it's beginning throughout it's end. in full from responsible Defendant(s);

    * Compensatory Damages against responsible Defendant(s) in the amount of $850.000* individually or jointly according to the turpitude of involvment;

    * Punitive Damages against Responsible Defendant(s) in the amount of $850.000* individually or jointly according to the turpitude of involvment;

    * The abovementioned Declatory Relief;

VI.  **JURY DEMAND** (*check one box below*)

The plaintiff ☒ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Under penalty of perjury pursuant to 28 USC §1746 and 18 USC §1621

all herein this complaint is true to the best of my layman legal ability.

Signed on:  March 2022 3-1-22      *Richard Cleveland*
          (date)                    Signature of Plaintiff

5835 State Rt. 154,           Richard Cleveland

62274
       Street Address                Printed Name

Pinckneyville, IL. 62274        Y-38042
       City, State, Zip            Prisoner Register Number

               Pro se
              Signature of Attorney (if any)

Rev. 10/3/19

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Request

Offender Name: _Richard Cleveland_    ID #: _Y30042_    Living Unit: _R5 - 13-14_

Job Assignment: _____    Shift: _____

**Please refer to the directory located in your orientation manual and address proper personnel.**

To: _Sck Call - Health Care_

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☒ other (specify) _Right Elbow_

for the purpose of (explain): _I have made 4 requests with the nurses, and_
_have put in 4 requests to have my arm looked at. When I'm_
_going to sick call? I can hardly use my arm!_

Offender's Signature _Richard Cleveland_    Date _2-10-20_

### DO NOT WRITE BELOW THIS LINE

Remarks by staff (if necessary) : _____    Remarks by supervisor (if necessary) : _(illegible)_

Print Staff Name _____    Print Supervisor Name _HEALTHCARE C.C._

Staff Signature _____    Supervisor Signature _FEB 11 REC'D_

Date _____    Date _____

Distribution:    Affected Unit _____    Printed on Recycled Paper    DOC 0286 (Rev. 4/2010)

Appeal Ex. 1-1

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Pincknevville Correctional    Center

| Non-Specific Discomfort | Offender Information: | | |
|---|---|---|---|
| | Cleveland | Richard | ID#= Y38042 |
| | Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 2/11/20 10 Am | RN NOTE    LPN/CMT NOTE | P) MD Referral if: |
| | S) - Any Allergies?    NKDA | |
| | - Location of pain / discomfort? | - Patient presents more than twice at NSC for c/o same discomfort within one month |
| | (R) elbow | |
| | Describe pain | - Patient presents with signs of acute, severe discomfort |
| | Stabbing  Throbbing  Constant  Intermittent  Etc. | |
| | - Have you had this pain before and how was it treated? | - Patient has abnormal vital signs |
| | no | |
| | - Rate pain level scale of 1 – 10? | |
| | "7-9" | |
| | - Duration of pain? | No MD referral: |
| | 4 days | |
| | O)  T 97.2 P 84 R 20  BP 132/78  WT in w/c | - Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets) |
| | - Signs of obvious discomfort | Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs) |
| | unable to straighten arm | |
| | Grimaces c pain with | Patient Teaching: |
| | palpation o elbow joint. | |
| | - Observations related to body part affected | - Return to see provider if symptoms worsen or interfere with daily functioning |
| | S/R pain since was | |
| | holding door open and pushed | |
| | pulled his w/c back. | |
| | S/R felt a pop in (R) elbow | |
| | and had sudden pain | |
| | @ that time. Ø bruising | Nurse Signature |
| | Ø swelling | D. Richardson |
| | A) Non-Specific Discomfort | Payment voucher    YES    NO |

Distribution: Offender's Medical Record

Printed on Recycled Paper

Ex-2

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

PINCKNEYVILLE CORRECTIONAL Center

**Offender Information:**

| Last Name | First Name | MI | ID#: |
|---|---|---|---|
| Cleveland | Richard | | Y38042 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | | |

MED CALL LINE 105
HT 5'10" B/P 74 P 68 R 20 T 96.3
DATE 2/18/20 TIME 0930

Plan
don't know

O 60 y.o. Reports opening
Door & felt a "Pop"
on Right Ulner Superior/
Distal to Elbow c 1½
weeks Ago. Reports unable
to straight Arm c
Pain & Numbness –
Warm to touch – ⊕ Pulse
& Brisk Capnfell
Unable to straighten Arm
180° (x165°) Ø Swelling
Swelling or Abnormatities
Noted on Exam

A  Elbow Pain

(1) Right Elbow
X-Ray x 2 Views

(2) Motrin 600 TID
x10 Days

(3) F/u scheduled 2-24-2020 after X-Rays

(4) Discussed Activity
status Understand

BJourdan RN  2-18-2020

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

Ex.-3

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Request**

Offender Name: _Richard Cleveland_    ID #: _Y38042_ Living Unit: _R5 - 8-14_

Job Assignment: _____    Shift: _____

**Please refer to the directory located in your orientation manual and address proper personnel.**

To: _Health Care_

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☒ other (specify) _Right Elbow - hand_

for the purpose of (explain): _The right hand is getting weaker and more numb._
_the elbow is in more pain. The Naproxen 375 2 times a day_
_is not working. I had to concentrate very hard to write This._    _Please help and_
_Richard Cleveland_                                    _3-16-20_    _Thank you_

Offender's Signature                                    Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary) : _____    Remarks by supervisor (if necessary): _____

RECEIVED

MAR 20 RE'D

_____    _____

Print Staff Name                         Print Supervisor Name    PINCKNEYVILLE C.C.    MAR 1 8 2020
                                                                  HEALTHCARE

_____    _____    _____
Staff Signature    Date    Supervisor Signature    Date

Distribution:  Affected Unit    ⬤    Printed on Recycled Paper    ⬤    DOC 0286 (Rev 4/2010)

Appendix EX. 4

20 of 50

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Pinckneyville Correctional _____ Center

| Non-Specific Discomfort | Offender Information: Cleveland  Richard   MI   ID#: 438042 | |
|---|---|---|

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/20/20  10AM | **RN NOTE    LPN/CMT NOTE** <br><br> S) - Any Allergies? <br> - Location of pain / discomfort? <br> Rt hand - 3 finger always feel as they are asleep <br> - Describe pain <br> Stabbing  Throbbing  Constant  Intermittent  Etc. <br> numbness <br> - Have you had this pain before and how was it treated? <br> yes Naproen. not effective <br> - Rate pain level scale of 1 – 10? <br> 6-7 <br> - Duration of pain? <br> 1 mo | **P) MD Referral if:** <br> - Patient presents more than twice at NSC for c/o same discomfort within one month <br> - Patient presents with signs of acute, severe discomfort <br> - Patient has abnormal vital signs <br><br> **No MD referral:** |
|  | O) <br> T 98.7  P 70  R 18  BP 121/72  WT w/c <br> - Signs of obvious discomfort <br> able to bend fingers pinky <br> Sluggish on bending - goth reap refill, skin warm dry color normal <br> - Observations related to body part affected <br> When he pulled a door open <br> 1 month ago he felt something pull <br> now he can't straighten at his arm & his <br> fingers don't work. <br> it's hard to roll self in w/c & do <br> daily activities like holding toothbrush | - Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets) <br> - Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs) <br> M Naproen 375 - 8/k not working <br> **Patient Teaching:** <br> - Return to see provider if symptoms worsen or interfere with daily functioning |
| A) Non-Specific Discomfort | | Nurse Signature  Muller <br> Payment voucher   YES   (NO) |

Ex. 5

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Request

Offender Name: Richard Cleveland    ID #: Y38042    Living Unit: R5-B14

Job Assignment: _____    Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: Health Care

I request ☐ Interview ☐ cell assignment ☐ visit ☐ Trust/Fund ☐ purchase ☒ other (specify):

for the purpose of (explain): I can hardly use my hand. Right Hand

help my wrist and 3 fingers are now numb. I need

15 minutes to write this the pain in my elbow is now By 9. It took me

_____ Please

help

Richard Cleveland    3-22-20

Offender's Signature    Date

DO NOT WRITE BELOW THIS LINE

Remarks by staff (if necessary) :    Remarks by supervisor (if necessary) :

_____    _____

_____    _____

_____    _____

_____    MAR 2 6 2020

Print Staff Name    Print Supervisor Name

_____    _____

Staff Signature    Date    Supervisor Signature    Date

Distribution:  Affected Unit    Printed on Recycled Paper    DOC 0286 (Rev. 4/2010)

Ex. 6

RECEIVED
APR 07 2020

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

| Date: 3-25-20 | Offender (please print): Cleveland Richard | ID #: Y38042 | Race (optional): |
|---|---|---|---|

| Present Facility: Pinckneyville Correctional Center | Facility where grievance issue occurred: Pinckneyville Correctional Center |
|---|---|

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify)

- [x] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

The second week of february my pusher and my self went to chow,
his name is Bill Conroy. We tried to open the north side door the door
was stuck, so Conroy pulled me backwards in my wheelchair while I held on
to the handle. The door came open but some thing in my arm and elbow
poped the pain was right away at a 7 to 8 out of 10. By the next day
the pain was still there, but part of my wrist and right hand had started
to go numb. I told the nures on med line about my hand and the →

[x] Continued on reverse

**Relief Requested:**

I need pain medication and to see the right kind
of doctor for this condition. (Naproxen is not working)
Before I lose all the use of my hands.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

| Richard Cleveland | Y38042 | 3-25-20 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: _____   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____

| Print Counselor's Name | Sign Counselor's Name | Date |
|---|---|---|

Note to offender: If you disagree with the counselor's response. it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: 3/31/20

Is this determined to be of an emergency nature:

[ ] Yes, expedite emergency grievance
[x] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Ex. 7 p. 1 of 3

| _____ | 3/31/20 |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender

DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution:_____    Housing Unit_____    Bed #_____

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec:    2nd Lvl rec:

pain in my elbow and arm. I wrote requests about my condition
and what was happening to my right hand. They finally had me
go to health care for an x-ray, Then I had to wait another
week before I saw the doctor. He did not examine my arm or
hand he told me I had arthritis and nerve damage. How can
he know this by not examining my arm. Now my right hand
hardly works I had to concentrate and use the last of my
strength in my hand to write this grievance. It has taken me
over an hour to right this I'm in a wheel chair so my
hands mean more to me then most. All the doctor did was
give me Naproxen 2 times a day that does not work!
I put 2 more requests in this week and have no answers.
I also have a heart problem and its very stressful if I
cannt use my hand I cannt use my wheel chair I'm also not
feeling well!

24-of 50

Ex. 7, p. 2 of 3

3C32

Ex.7,p.3of3

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 04/07/2020 | Date of Review: 04/09/2020 | Grievance # (optional): 851-03-20 |
| Offender: Cleveland, Richard | | ID#: Y38042 |

**Nature of Grievance:**

Medical treatment

**Facts Reviewed:**

Grievant claims that during the second week of February his pusher and himself went to chow and tried to open the north side door and the door was stuck. Grievant claims Conroy pulled him backwards in his wheelchair while he held on to the handle and the door came open but something in his arm and elbow popped and the pain was right away. Grievant claims that by the next day the pain was still there but part of his wrist and right hand had started to go numb. Grievant claims he told the nurse on med line about his hand and the pain in his elbow and arm. Grievant claims he was finally called to HCU for an x-ray and then had to wait another week before he saw the doctor. Grievant claims he did not examine his arm or hand and told him he had arthritis and nerve damage. Grievant claims all the doctor did was give him Naproxen 2 time a day and that does not work.

Relief requested: needs pain medication and to see the right kind of doctor for this condition before he loses all use of his hands. Naproxen is not working.

Per HCUA: He seen the NP on 3/31/20. The Np explained to him he has arthritis and a bone spur in his elbow according to x-rays. He was given an anti-inflammation called Mobic for arthritis and he receives Tramadol. He is also going to see physical therapy after we are off the COVID quarantine. If therapy does not work the NP noted, he will send to ortho for eval but this is not indicated at this time.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied.

C. Hale, CCII

Print Grievance Officer's Name

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

Grievance Officer's Signature

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 4/16/20 | ☑ I concur    ☐ I do not concur    ☐ Remand | |
| Action Taken: | | |

Chief Administrative Officer's Signature

4/16/20
Date

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Richard Cleveland          Y38042          7-17-20
Offender's Signature                              ID#                      Date

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PINCKNEYVILLE CORRECTIONAL Center

Offender Information:

Last Name: Cleveland   First Name: Richard   MI:   ID#: 438042

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/31/30 10:62 75 16 96.1 | Med Line S/O ® Arm Pain States felt a POP When opening Door Reports Unable to Straighten Arm + Fully Use Hand ⊕ Pulse ⊕ Capfill ⊕ Sensation Grip Weak Noted X-Ray c̄ Advanced DJD c̄ Sclerosis & Bone Spur's Explained Results. Will try Physical Therapy if ø improvement May Consider Ortho Evaluation | Plan ① PT To Evaluate & Treat for OA RUE/Elbow c̄ Sclerosis + Bone Spur ✓ D/C mobic per PT ② Mobic 15 Daily X 1 yr (Currently on Tramadol) ✓ ③ NSC Needed. |
| A | Elbow Pain | ∆∆✓ noted Aiihet 3-31 Ex 9 |

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

PINCKNEYVILLE CORRECTIONAL    Center

Offender Information:

Clelland    Richard    438042

Last Name    First Name    MI    ID#:

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/31/20 2p | RN Note - Pharmacy sent clarification on mobic due to duplicate therapy. Clarify ट provider. Per NPB. Blum - DC'D Mobic. B Forloog RN | |
| 4/10/20 10A | RN note S) "I didn't get anything for my wrist pain. I only have Ultram for my arm pain." O) On NSC. Verbal as above. Takes Ultram BID. Seen at door ट Covid protocol. Move L wrist ट difficulty. No swelling or bruising to area. A) Knowledge Deficit | P) - Pt Education given that pain meds are good for no more than one pain at a time [signature] |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Pinckneyville Correctional _____ Center

Offender Information:

Last Name: Cleveland    First Name: Richard    MI: ___    ID#: 436042

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 4/20/20 0230 | NP Note COVID-19 Currently on ultram č Naproxen For Discomft No otha Medicati- Available will Continu | _____ |
| | | (signature) |

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper

12

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Pinckneyville Correctional** Center

| Non-Specific Discomfort | Offender Information: | | |
|---|---|---|---|

Cleveland Richard  ID#: 36042
Last Name   First Name   MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 4/16/20 1005A | **RN NOTE   LPN/CMT NOTE**<br>S) - Any Allergies? NKDA<br>- Location of pain / discomfort? R hand<br>- Describe pain<br>Stabbing  Throbbing  (Constant)  Intermittent  Etc. Burning<br>- Have you had this pain before and how was it treated? Being tx c Ultram<br>- Rate pain level scale of 1 – 10? 8-9/10<br>- Duration of pain? Since Feb<br>O) Deferred ~ Covid-19<br>- Signs of obvious discomfort none noted<br>- Observations related to body part affected<br>S/R Something popped in R hand in Feb. Has had problems since. Do tx c/s Ultram BID at this time. Educated no other pain meds would be given at this time S/R numbness of burning from R hand up to elbow<br>A) Non-Specific Discomfort | **P) MD Referral if:**<br>- Patient presents more than twice at NSC for c/o same discomfort within one month<br>- Patient presents with signs of acute, severe discomfort<br>- Patient has abnormal vital signs<br>**No MD referral:**<br>- Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets)<br>- Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs) ↑ tes Ultram Rx<br>**Patient Teaching:**<br>- Return to see provider if symptoms worsen or interfere with daily functioning<br>Nurse Signature<br>Payment voucher  YES  (NO) |

Distribution: Offender's Medical Record   Printed on Recycled Paper   DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Ex 11

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Request

Offender Name: Richard Cleveland    ID # Y38042    Living Unit: R-5 - B-14

Job Assignment: _____    Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: Health Care - Doctor

I request ☐ Interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☒ other (specify)

for the purpose of (explain): I've already seen the nurse call line 3 times now

about my hand and arm and the pain I'm in, my hand hardly works and

my arm is always in "Great" pain, I'm asking to see the Doctor!

Richard Cleveland    4-14-20

Offender's Signature    Date

---

DO NOT WRITE BELOW THIS LINE

Remarks by staff (if necessary) :

_____

_____

_____

_____

Print Staff Name

_____

Staff Signature    Date

Remarks by supervisor (if necessary) :

APR 16 2020

APR 16 2020

_____

Print Supervisor Name

_____

Supervisor Signature    APR 1 5 2020    Date

Distribution:   Affected Unit

Printed on Recycled Paper

DOC 0286 (Rev. 4/2010)

30 of 50

Ex. 12



J.B. Pritzker
Governor

Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Cleveland, Richard

7/30/20
Date

ID# : Y38042

Facility: Pinckneyville

This is in response to your grievance received on __4/27/20__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 3/25/20    Grievance Number: 851-03-20    Griev Loc: Pinckneyville

- ☐ Transfer denied by the Facility
- ☐ Dietary
- ☐ Personal Property
- ☐ Mailroom/Publications
- ☐ Assignment (job, cell)
- ☐ Commissary / Trust Fund
- ☐ Conditions (cell conditions, cleaning supplies, etc.)
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☑ Other   Medical Treatment - elbow, hand

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ☑ Other:   Per HCUA, offender saw NP on 3/31/20. informed of arthritis and bone spur in elbow, given anti-inflammation medication

Offender will see physical therapist when Covid quarantine is over. Offender has access to medical care.

Treatment is at the discretion of IDOCPhysicians. Offender may submit a request to healthcare for any issues that arise.

FOR THE BOARD: _____
Travis Bayler
Administrative Review Board

CONCURRED: _____
Rob Jeffreys
Acting Director

CC: Warden, Pinckneyville _____ Correctional Center
Cleveland, Richard _____ ID# Y38042

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

Ex. 13

www.illinois.gov/idoc
31 of 50

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ Pinckneyville _____ Center

**Non-Specific Discomfort**

Offender Information:

Last Name: Cleveland    First Name: Richard    MI: _____    ID#: Y38042

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 4/28/20 10A | **RN NOTE    LPN/CMT NOTE**<br>S) - Any Allergies? NKDA<br>- Location of pain / discomfort? (R) hand<br>- Describe pain<br>Stabbing  Throbbing  Constant  Intermittent  Etc.<br>Numb<br>- Have you had this pain before and how was it treated? Yes w/Ultram liprox<br>- Rate pain level scale of 1 - 10? 10/10<br>- Duration of pain? months<br>O) Deferred  P  A  BP  WT<br>- Signs of obvious discomfort Can't make fist c right hand<br>- Observations related to body part affected S/R its not the pain it is the loss of movement and loss of being able to do certain things l4e write name<br>A) Non-Specific Discomfort | **P) MD Referral if:**<br>- Patient presents more than twice at NSC for c/o same discomfort within one month<br>- Patient presents with signs of acute, severe discomfort<br>- Patient has abnormal vital signs<br>No MD referral: Has Ultram Apt pending<br>- Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets)<br>- Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs)<br>**Patient Teaching:**<br>- Return to see provider if symptoms worsen or interfere with daily functioning<br>Nurse Signature [signature]<br>Payment voucher    YES    NO |

Ex. 14

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

14

## PINCKNEYVILLE CORRECTIONAL CENTER

### REQUEST FOR CONSULTATION-REPORT OF CONSULTATION

**INMATE'S NAME** Cleveland, Richard       Y38042

**CONSULTANT'S NAME** Dan Varel PT

**CONSULT REQUESTED BY:** B. Blum    **DATE:**    **URGENT** ( )YES OR ( ) NO

**REASON FOR CONSULT: (LIST PROBLEM)** Eval & Treat for ®️ UE strengthening & mobility Elbow Pain

( ) Evaluation
( ) Management

Report of consultant (use reverse side if necessary)

**FINDINGS:** S/R felt a "pop" in ®️ elbow when trying to pull a door open Feb 2020 Reports hand has gotten progressively weaker.
Atrophy of interossei & ®️ hand; Finger Abduction = 3/5. Wrist flexors 4/5, pain ®️ elbow ROM: lacks 24° full extension. 4th & 5th PIPs flexed to 25°, 2/5 ē resist strength

**ASSESSMENT:** Pain ē supination/pronation
Signs & Symptoms of ®️ peripheral nerve injury with possible flexor tendon injury.

**RECOMMENDATIONS/PLANS** - Recommend UE/hand/Orthopedic consult and consider nerve conduction test 2° to atrophy in ®️ hand ē weakness
- Begin P.T. 2-3× week, 6 wks for elbow, wrist & hand ROM & strengthening -

**DATE:** 7/15/20

- Consider culting with wrist checms 2° to limited mobility

Dan Varel PT

**(SIGNATURE OF CONSULTANT)**

### FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY

Ø I HAVE REVIEWED THE RECOMMENDATIONS CONTAINED IN THIS REPORT AND APPROVE THEM
◯ I HAVE REVIEWED THE RECOMMENDATIONS AND DISAPPROVE OR CHOOSE TO REVISE THEM FOR THE FOLLOWING REASON:

**DATE:** 7/16/20

**(SIGNATURE OF MEDICAL DIRECTOR)**

Ex. 15

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PINCKNEYVILLE CORRECTIONAL   Center

| Offender Information: | | |
|---|---|---|
| Last Name: Cleveland | First Name: Richard | MI: ___  ID#: 43B042 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | m² Note | |
| 7/16/10 7⁴⁵ | Chart/PT Evaluation Reviewed + will proceed c Waist cuffs + collegial for EmG. Lay permit for 1M/1S + stretchings PT note | Collegial submitted - CmG Waist Chains - 12mth Pay Myf notice + Present |
| 7/20/20 1225 | S) Pt. c/o pain night > day. Et " twisting really bothers (?). O) Please see PT Flowsheet for treatment A) ↓ C(R)UE mobility | P) Cont. PT per rec JMyo. PTA |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

PINCKNEYVILLE CORRECTIONAL    Center

Offender Information:

Cleveland          Richard          ID#: 438042
Last Name          First Name       MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | PT note | |
| 7/23/20 1330 | S) Pt. reports sw↑ in, however, states "it's losing strength" | P) Cont. PT per PCL |
| | D) Pleas su PT + therx for treatment | |
| | A) ↓ ⓟ UE mobility | JM'yus, PTA |
| | PT note | |
| 7/27/20 1130 | S) Pt. U/D ↑ swelling around 3rd & 4th MCP area. "It feels real tight" | P) Cont. PT per PCL |
| | D) Pleas su PT + therx for treatment | |
| | A) ↓ ⓟ UE mobility ↓ Rom compared to previous session | JM'yus, PTA |

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

 **Wexford Health**
SOURCES INCORPORATED

### NOTICE OF APPROVAL

To:          Site Medical Director and HSA
From:        Utilization Management
Date/Time:   07/23/2020 / 18:33:29

Inmate Name / HSN:  RICHARD CLEVELAND / Y38042
Date of Birth:  06/14/1959
Site:  PINCKNEYVILLE
Service:  99204-OFFICE/OUTPATIENT VISIT NEW
Authorization No:  652811064

Based upon a review of the information provided, Service is Approved.

Comments:    7/23/20 Neurology eval approved by Dr. Garcia, after referral review as requested by Dr.
             Myers, for a Pt. seen by PT for injury of R elbow. Pt. with s/s of R peripheral nerve injury
             with possible flexor tendon. PT recommending EMG secondary to atrophy in R hand
             with weakness. Begin PT 2/3 X's a week for 6 weeks for elbow for wrist and hand ROM/
             strengthening.

From:_____  _____
        Dedicated Utilization Management

--------------------------------------------------------------------------------------------------------------------
INFORMATION CONTAINED IN THIS DOCUMENT IS PRIVILEGED AND CONFIDENTIAL

Wexford Health Sources
Phone: 877-939-2884 -or- 800-353-8384
Fax: 412-937-9151
www.wexfordhealth.com



EMG & Neuro Eval

COPY

Ex. 17 p. 2 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### PINCKNEYVILLE CORRECTIONAL    Center

| Offender Information: | | |
|---|---|---|
| Cleveland | Richard | ID#: 38042 |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/30/20 1000 | PT note "Last night it was an 8" o' pain pt. Yo 6/10 pain upon entering therapy D Please see PT flowsheet for treatment n) U (R) UE ROM | P) Cont. PT per POC ✓ Myers, PTA |
| 8/10/20 1345 | PT note S) Pt. Yo ↓ slup due to (R) forearm pain. "It is getting weaker." Pt. reports being unable to hold a razor to shave D Please see PT flowsheet for treatment A) Medial (R) forearm atrophy ↓ (R) UE ROM | P) Cont. PT per POC Check collegial status for ortho consult ✓ Myers PTA |

Ex. 18

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PINCKNEYVILLE CORRECTIONAL   Center

Offender Information:

Last Name: Cleveland    First Name: Richard    MI: ___    ID#: Y38042

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 8/10/20 1500 | NP Note | Plan |
| | Was Seen Today | ① Muscle Rub |
| | By PT Requesting | Bid ē AA X |
| | Muscle Rub, Currently | 60 Days |
| | Waiting Approval for | ② NSC of Conditn' |
| | Neurology in Collegial | Changes |
| | | SS~ |
| | PT note | |
| 8/12/20 1040 | S) Pt. reports "It is | P) Cont. PT per PDC |
| | getting worse." Pt. 4/0 | NSc |
| | 8/10 pain in elbow area | |
| | O) Pleas su PT Flowsheet | |
| | for treatment. muscle rub given | |
| | A) When pt. was performing | |
| | fist ē 70pen then was an | |
| | audible "pop" sound. Pt. | |
| | reported ↑ pain from | |
| | elbow area | SMylds, PN |

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

Ex. 19

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PINCKNEYVILLE CORRECTIONAL Center

Offender Information:

Last Name: Cleveland   First Name: Richard   MI: ___   ID#: Y38042

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | PT note | |
| 8/17/20 1330 | S) Pt. ↑b ↑pan~ in ® LE  O) Pt. education  A) ↑swelling in ® hand  a muscle atrophy in ® forearm, palm | P) Cont. PT per PDC  NSC PRN  ↑Myos PT |
| 8-10-20 9³⁰ A | LPN Note  S) I need to see MD about my pain.  O) States ® arm + hand is hurting - hurts when he does Pt  A) alteration in comfort | NSC  P) Put on MDNP line for eval of arm pain noted by Pt. |

Distribution: Offender's Medical Record

39 of 50

Ex. 20    DOC 0084 (Eff. 9/2002) (Replaces DG 7147)

Printed on Recycled Paper

Offender Outpatient Progress Notes

_____ Pinckneyville Correctional _____ Center

Offender Information:

Cleveland          Richard          ___   ID#: 43804
Last Name          First Name          Mi

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 8/20/20 0805 | PT note<br>S) "It's getting worse."<br>O) Please see PT flowsheet for treatment<br>A) ↓ ® UE mobility | P) Cont. PT as per PU<br><br>JMyers, PTA |
| 8/24/20 1200 | PT note<br>S) "I'm losing ground."<br>Pt. to ↑ pain c̄ little to ⊘ relief<br>O) Please see PT flowsheet for treatment<br>A) ↓ ® UE mobility | P) Cont. PT per PU<br><br>JMyers, PTA |
|  |  |  |
|  |  |  |
|  |  |  |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

Printed on Recycled Paper

Ex. 21

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Pinckneyville Correctional ___ Center

Offender Information:
Cleveland        Richard              ID#: 138022
Last Name        First Name    MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | MD CALL LINE | CX'd per NP issue |
| | WT___ B/P___ P___ R___ T___ | addressed 8-20-20 |
| | DATE 8-26 TIME 830am | |
| | PT note | |
| 8/31/20 1330 | S) "It's getting weaker" | P) Cont. PT per PO L |
| | O) Please see PT flowsheet | |
| | for treatment | |
| | A) ↓ (R) UE | J Myers PTA |
| 8/31/20 17:30 | PT Note | |
| | See Consult sheet — | Dan V/LPT |
| | PT note | |
| 9/2/20 1010 | S) Pt c/o 6-7/10 pain upon entering | P) Cont. PT per PO |
| | therapy. Pt also c/o ↑ weakness | |
| | in (R) UE, Difficulty turning | |
| | a page. | |
| | O) Please see PT flowsheet for ROM | J Myers PTA |
| | A) ↓ strength | |

DOC-0084 (Eff. 9/2002)
(Replaces DC 7147)

EX. 22

**Offender Outpatient Progress Notes**

## PINCKNEYVILLE  CORRECTIONAL   Center

Offender Information:

Cleveland                  Richard                              ID#: 736042

Last Name                  First Name            MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 8/20/20 | MD CALL LINE 1/7/25 WT 280 B/P P 70 R 20 T 96⁴ DATE 8/20/20 TIME 0800 | |
| | C was Asked to See ○ for ↓ Function ē Pin ① Continue ↓ RUE. ② Palce ④ Capful Nitd Contracture T 4TH ē 5TH Digit County ② NSC by Approved Collgil Needed In Neurology ē Nerve Cardustr Cutnre ultram + Napuxen A ↓ Function te RUE | Plan ① Continue ℅ Physical Therapy ② NSC Needed |

DOC 0084 (Eff. 9/200
(Replaces DC 7147

Ex. 23

Fax Server          10/1/2020  12:22:48 PM  PAGE  2/004  Fax Server ID #3



SIH Professional Office
Building
305 West Jackson

Cleveland, Richard
MRN: 1511144, DOB: 6/14/1959, Sex: M
Visit date: 9/29/2020

Y38042

*Providers are independent contractors and
not employees of Southern Illinois Healthcare*

**Procedures by Muhammad Hameed, MD at 09/29/20 1020**

| | | |
|---|---|---|
| Author  Muhammad Hameed, MD | Service:  — | Author Type: Physician |
| Filed: 09/29/20 1216 | Encounter Date  9/29/2020 | Status  Signed |
| Editor  Muhammad Hameed, MD (Physician) | | |

**Procedures**

**EMG REPORT**

MD Review
Date: _____ 10/2/20
Nurse: _____
Doctor: __M h__
Pull Chart: _____
See patient: ___X___
File: _____

**NAME:** Richard Cleveland
**DOB:** 6/14/1959
**MRN:** 1511144
**DATE of EMG:** 9/29/2020

**INTRODUCTION:** Richard Cleveland is a 61 y.o. male, who presented today for an EMG/NCS.  The patient has traumatic injury to his right hand and forearm.  Presents with weakness in right hand, pain around right elbow.

**Physical examination:**  alert oriented x3, right upper extremity 5/5 right biceps, triceps, deltoid, pronator teres, EDC and EIP atrophied FDI, atrophied interossei, intact right thumb flexion and abduction, sensory loss in right ulnar nerve distribution.

**SUMMARY:**

Motor nerve conduction studies were performed on the right median, right ulnar nerves.  There was normal latency, normal amplitude, normal conduction velocity of right median nerve.  There were absent responses for right ulnar nerve.

Sensory nerve conduction studies were performed on the right median digit 2, right radial, right ulnar digit 5, right dorsal ulnar cutaneous nerve.  There was normal latency, normal amplitude and normal conduction velocity of right median digit 2. There was normal latency, normal amplitude and normal conduction velocity of right radial.  There were absent responses for right ulnar digit 5 and right dorsal ulnar cutaneous nerve.

F-wave latencies were  normal for right median nerve.

A concentric needle EMG examination was performed on the right first dorsal interosseous, right abductor digiti minimi, right abductor pollicis brevis, right flexor pollicis longus, right pronator teres, right flexor digitorum profundus digit 4 and 5, right flexor digitorum profundus digit 2 and 3, right flexor carpi ulnaris, right extensor digitorum communis, right extensor indicis proprius, right biceps, right triceps, right deltoid  muscles which revealed abnormal insertional activity with fibrillations and or positive sharp waves in right first dorsal interosseous, right abductor digiti minimi, right flexor carpi ulnaris, right flexor digitorum profundus digit 4 and 5. No activity was recorded in right first dorsal interosseous.  MUAP had shown polyphasia and very discrete recruitment in right abductor digiti minimi.  MUAP showed reduced to normal amplitude, duration and polyphasia with reduced recruitment in right flexor carpi ulnaris and right flexor digitorum profundus to digits 4 and 5.

Generated on 10/1/20 12:16 PM

Page 1

EX. 24 p.1 of 4



SIH Professional Office Building
305 West Jackson

Cleveland, Richard
MRN: 1511144, DOB: 6/14/1959, Sex: M
Visit date: 9/29/2020

*Providers are independent contractors and
not employees of Southern Illinois Healthcare*

**Procedures by Muhammad Hameed, MD at 09/29/20 1020 (continued)**

### CLINICAL INTERPRETATION:

This study reveals severe degree of ulnar neuropathy around the elbow.  Based on severity, and possibility of nerve compression/ injury around the elbow surgical consultation is recommended.

Thank you for your kind referral.  Please call us with with any questions or concerns.

**Muhammad Hameed, MD**

**Please note: This note was dictated. Notes are transcribed using voice recognition software. Because of this technology there are often unintended grammatical, spelling, and other transcription errors. Please disregard these errors.**[MH 1]

Electronically signed by Muhammad Hameed, MD at 09/29/20 1216
Attribution Key
  MH.1 - Muhammad Hameed, MD on 09/29/20 1201

Ex. 24 p. 2 of 4



SIH Professional Office
Building
305 West Jackson

Cleveland, Richard
MRN: 1511144, DOB: 6/14/1959, Sex: M
Visit date: 9/29/2020

*Providers are independent contractors and
not employees of Southern Illinois Healthcare*

**Procedures by Muhammad Hameed, MD at 09/29/20 1020 (continued)**

ulnar nerve distribution.

## SUMMARY:

Motor nerve conduction studies were performed on the right median, right ulnar nerves. There was normal latency, normal amplitude, normal conduction velocity of right median nerve. There were absent responses for right ulnar nerve.

Sensory nerve conduction studies were performed on the right median digit 2, right radial, right ulnar digit 5, right dorsal ulnar cutaneous nerve. There was normal latency, normal amplitude and normal conduction velocity of right median digit 2. There was normal latency, normal amplitude and normal conduction velocity of right radial. There were absent responses for right ulnar digit 5 and right dorsal ulnar cutaneous nerve.

F-wave latencies were  normal for right median nerve.

A concentric needle EMG examination was performed on the right first dorsal interosseous, right abductor digiti minimi, right abductor pollicis brevis, right flexor pollicis longus, right pronator teres, right flexor digitorum profundus digit 4 and 5, right flexor digitorum profundus digit 2 and 3, right flexor carpi ulnaris, right extensor digitorum communis, right extensor indicis proprius, right biceps, right triceps, right deltoid  muscles which revealed abnormal insertional activity with fibrillations and or positive sharp waves in right first dorsal interosseous, right abductor digiti minimi, right flexor carpi ulnaris, right flexor digitorum profundus digit 4 and 5. No activity was recorded in right first dorsal interosseous. MUAP had shown polyphasia and very discrete recruitment in right abductor digiti minimi.  MUAP showed reduced to normal amplitude, duration and polyphasia with reduced recruitment in right flexor carpi ulnaris and right flexor digitorum profundus to digits 4 and 5.

## CLINICAL INTERPRETATION:

This study reveals severe degree of ulnar neuropathy around the elbow.  Based on severity, and possibility of nerve compression/ injury around the elbow surgical consultation is recommended.

Thank you for your kind referral.  Please call us with with any questions or concerns.

**Muhammad Hameed, MD**

Please note: This note was dictated. Notes are transcribed using voice recognition software. Because of this technology there are often unintentional grammatical, spelling, and other transcription errors. Please disregard these errors.[MH 1]

 **SIH**

SIH Professional Office
Building
305 West Jackson

Cleveland, Richard
MRN: 1511144, DOB: 6/14/1959, Sex: M
Visit date: 9/29/2020

*Providers are independent contractors and*
*not employees of Southern Illinois Healthcare*

**Procedures by Muhammad Hameed, MD at 09/29/20 1020 (continued)**

Electronically signed by Muhammad Hameed, MD at 09/29/20 1216

Attribution Key

MH.1 - Muhammad Hameed, MD on 09/29/20 1201

Ex 24 p. 4 of 4

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender's Grievance**

| Date: October 01 2021 | Offender: (please print) Richard Cleveland | ID #: Y-38042 | Race (optional): human |
|---|---|---|---|
| Present Facility: (PNKCC) Pinckneyville Corr. Cntr. | | Facility where grievance issue occurred: PNKCC | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify)
- [ ] Medical Treatment
- [ ] HIPAA
- [X] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____ Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

Chief Administrative Officer, only if EMERGENCY grievance

Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Because of my disability PNKCC IICC Administrator - A.D.A. Coordinator Christine Brown, Asst. Warden of PNKCC Programs Crystal Crow knowingly intentionally refuse to make the reasonable accommodation of providing me a (29 U.S.C. §794(a)) typewriter or word processor in cell with me 24/7. The abovementioned parties know that my right arm, right elbow (See Grievance #0851-03-20) were permanently injured causing a trophy throughout my entire right forearm, wrist, hand and incapacitated three fingers. Failed surgery has made the pain intolerable but now

[ ] Continued on reverse

**Relief Requested:**

1. Utilize the 29 USC §794(a) USDOJ RA-Federal Grant funds that are provided to I.D.O.C. for I.D.O.C. site proxies Rob Jeffreys, David Mitchell, Crystal Crow, Christine Brown "to provide a 24/7 in cell available typewriter I can touch, to independently author my own documents to avoid unwantingly PESTERING stranger criminals in hopes they'll write 24/7 for me,

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance. Placed in institutional mail box initially on (per F.R. Civ P R4(e)(1))

| Richard Cleveland | Y-38042 | October 01, 202_ |
|---|---|---|
| Offender's Signature | ID# | Date |

2. Remove the upper bunks from this 2 man USDOJ Designed cell to keep me safe so I can access cell securely timely.

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____

Print Counselor's Name    Sign Counselor's Name    Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: 10/1/21

Is this determined to be of an emergency nature?

[X] Yes, expedite emergency grievance

[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

47 of 50    Ex. 25 pg 1 of 4

Chief Administrative Officer's Signature    10/1/21
Date

Assigned Grievance #/Institution

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

Housing Unit          Bed #

1st Lvl rec:                              2nd Lvl rec:

partially medicated by PNKCC physician J.Myers. Approximtly 2 weeks ago in passing I verbally complained to Christine Brown that I would like to attend college, write personal letters to family whom alone in cell and continue writing the autobiography that I commenced on my own before PNKCC Christine Browns unfounded assigned A.D.A attendant I previously had — along with frozen shut cafeteria door caused said injuries. Christine Browns reply to me was "you have two cellmates that "could" write for you".

My cell that I'm assigned to has three stranger prisoners in it and is only originally designed for two. Christine Brown, Crystal Crow, DAVID MITCHELL intentionally overcrowded this A.D.A. II-disable-man cell. These I.D.O.C. employees KNOW THERES 4 persons needing toilet, sink, desk, shelf, door, bed and property box & personal belongings (shoes, towels, laundry bag hanging) SPACE. Yet, dispite Christine Brown knowing all the above, Ms. Brown recklessly instructed me to further pester the 3(lather 2 of ANY of the 3 stranger prisoner-criminal cell-mates beyond the continuous daily pressure. I'm forced to argue for space-accommodation due to cell overcrowding. As the non-disable designed 2-man cells have same in cell services but are not blocked from access due to discriminatory overcrowding. Yet, specifically, Christine Brown tells me to "be in their FACE"-begging them to hand author my personal business 24/7 everyday. ON TIP OF THE DAILY COMPLAINING CHRISTINE BROWN, Crystal Crow, David Mitchell AND ALSO I.D.O.C.-under the RA of 1973 (pursuant to 29 USC 794(b) receipt of US.D.O.T. Federal Funds) are suppose to not OVERCROWD the RA/ADA USDOT designed designated 42 USC 12101 et seq. cell. But, denying me my right to function independatly, BY OVERCROWDING cell with bodies & extra property to delay &/or when all others are sleep-deny me access to cells services due to my disability prevents me from being able to termporarily move/relocate the additional cell mates property or property box WITHOUT HIS SLEEPING OR GONE OUT OF CELL PERMISSION (if I were physically able) TO ACCESS CELLS abovementioned services. Mursol & write for me. Idoc & it's employees seek to provoke volatile, assault on me.

R-57214

Through Richard Clevelands permission I Mr. Marc Norfleet have authored this grievance. Cleveland is not acquaintance, nor friend and You receive Federal funding & will loose the Grant monies — Spend the money to purchase Cleveland a typewriter to accommodate his hand-wrist-arm atrophy DISABILITY—9/Mr. N/A. As Hes to be accommodated to function 24/7 independently in cell / printing 24/7

Ex. 25, p 2 of 4

48 of 50

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 10/12/2021 | Date of Review: 11/30/2021 | Grievance # (optional): 3329-10-21 |
| Offender: Richard Cleveland | | ID#: Y38042 |

**Nature of Grievance:**

ADA Accommodations

**Facts Reviewed:**

Grievant claims that because of his disability PNK CC HCUA-ADA Coordinator Christine Brown, AWP Crystal Crow knowingly intentionally refuse to make the reasonable accommodation of providing him a typewriter or word processor in cell with him 24/7. Grievant claims the parties know that his right arm, right elbow were permanently injured causing atrophy throughout his entire right forearm, wrist, hand and incapacitated 3 fingers. Failed surgery has made the pain intolerable but now partially medicated by PNK CC Dr. Myers. Grievant claims that approximately 2 weeks ago in passing, he verbally complained to Christine Brown that he would like to attend college, write personal letters to family when alone in cell and continue writing the autobiography that he commenced on his own before PNK CC Christine Browns untrained assigned ADA attendant he previously had, along with frozen shut cafeteria door caused said injuries. Christine Browns reply to him was " you have two cellmates that could write for you." Grievant claims that his cell that he is assigned to has three stranger prisoners in it and is only originally designed for two. Christine Brown, Crystal Crow, David Mitchell, intentionally overcrowded this ADA 2 disable man cell. Grievant claims these employees know there's 4 persons needing toilet, sink, desk, shelf, door, bed and property box and personal property belongings. Yet despite Christine Brown knowing all the above, she instructed him to further pester the 2 of any of the 3 stranger prisoner-criminal cell mates beyond the continuous daily pressure. He is being forced to argue for space accommodation due to cell overcrowding. As the non-disable designed 2 man cells have same in-cell services but are not blocked from access due to discriminatory overcrowding.

continued...

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

C. Hale, CCII

Print Grievance Officer's Name          Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | | |
|---|---|---|---|
| Date Received: 12/6/21 | ☒ I concur | ☐ I do not concur | ☐ Remand |

**Action Taken:**

Chief Administrative Officer's Signature          12/6/21    Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.) Pursuant to E.R.H.P. Rule 4(c)(1) I placed this document in PNKCC institutional mailbox on:

Richard Cleveland          Y38042    12-8-21
Offender's Signature          ID#    Date

Ex.25, p 3 of 4

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

Page 2 (con't)

Richard Cleveland, Y38042                                                    Grievance # 3329-10-21

Relief requested:  Utilize the 29 USC 794 (2) USDOJ RA Federal Grant funds that are provided to IDOC and it's proxies Rob Jeffreys, David Mitchell, Crystal Crow, Christine Brown to provide a 24/7 in cell available typewriter he can touch to independently author his own documents to avoid unwantingly pestering stranger criminals in hopes they write 24/7 for him. Provide the upper bunks from this 2 man USDOC designed cell to keep him safe so he can access cell services timely.

RESPONSE:   ~~Provide~~ I said Remove (not Provide).

Per ADA Coordinator:  The file reflects he has been to physical therapy, ortho and the MD for pain in his elbow and hand. He complains of not being able to move his arms and hands.  If he can't move his finger and arms without pain and physical therapy has deemed him to not be improving in movement, I don't feel a typewriter would benefit him at this time. The library can assist him with typing and the ADA attendant can also write for him; that is part of their job.  He has not requested a typewriter to my knowledge.  I did not speak with him regarding the statements he has made.  He will be going back out to ortho.

Cleveland is confined to a wheelchair and the only room that will accommodate a wheelchair is the 4 man cell.

This Grievance Officer spoke with commissary today, 12/1/21, regarding the purchasing of a typewriter from commissary. At this point in time, a full commissary list of what will be available from commissary is not available.  I would assume that if a typewriter was on the commissary list, grievent would be able to purchase one for his own personal use.  For the time being, grievant can go to the library and use the one that is available.

EX. 25 p. 4 of 4