IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD CLEVELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-456-NJR |
| | ) |
| BOB BLUM, PERCEY MYERS, CHRISTINE BROWN, CRYSTAL CROW, JEFFERY DENNISON, DAVID MITCHELL, ROB JEFFREYS, and IDOC, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Richard Cleveland, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Cleveland alleges Defendants delayed care for his atrophied hand and failed to provide him with 24/7 access to a typewriter. He asserts claims under the Eighth, Fourteenth, and First Amendments, as well as under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

1

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Cleveland makes the following allegations: Cleveland is a disabled inmate who is wheelchair-bound (Doc. 1, p. 9). Beginning on February 18, 2020, Cleveland began experiencing increasing pain and numbness in his right hand and wrist (*Id*. at p. 10). He saw nurses several times in April and was referred to physical therapy by Blum (*Id*.). On July 15, 2020, he saw a physical therapist who reported that he had atrophy in his right hand and a pop sound in his right elbow (*Id*. at p. 10). He finally saw Dr. Myers for the first time on July 16, 2020, after begging for months to be seen (*Id*.). Dr. Myers then submitted Cleveland for collegial review for further examination (*Id*. at p. 11). He was seen several more times by Myers, and on August 20, 2020, he was approved for a neurology consult (*Id*.). Cleveland alleges that on September 29, 2020, his delay in care ended—but prior to that—Blum, Myers, Brown, Crow, Dennison, Mitchell, and Jeffreys caused him to have inadequate and delayed medical care, which caused further atrophy in his hand.

On October 1, 2021, Cleveland filed a grievance about a lack of accommodations for his disability. Specifically, Cleveland complained that Christine Brown and Crystal Crow refused to make accommodations for his weakened hand by failing to provide him with 24/7 access to a typewriter (*Id.* at p. 12). He previously spoke to Brown about

attending college, writing letters to family, and writing his autobiography (*Id.*). Brown had assigned him an ADA attendant but would not provide him a typewriter, stating that he had two cellmates who could write for him (*Id.*). Although he is in an ADA cell, Cleveland alleges it is only designed for two inmates, but the cell currently has four inmates due to intentional overcrowding by Brown, Crow, and David Mitchell (*Id.*). Cleveland believes he is entitled to 24/7 access to a typewriter under the ADA and/or RA and that Rob Jeffreys, Mitchell, Crow, and Brown refused him access. After writing a grievance on the issue, IDOC, Jeffreys, Myers, Brown, Crow, and Mitchell responded but did not provide him with a typewriter. (*Id.* at p. 13). Instead, they responded that he did not need a typewriter, could seek assistance from the library, and could seek assistance from his ADA attendant. According to Cleveland, the lack of access to a typewriter makes it difficult to pursue legal claims and a criminal appeal (*Id.* at pp. 13-14).

## **Preliminary Dismissals**

Although Cleveland states that he is alleging Fourteenth Amendment due process and equal protection claims, as well as a First Amendment access to courts claim, he fails to allege any facts stating such claims. Although he mentions due process and equal protection, he does not allege any facts stating such claims. As to his access to courts claim, Cleveland alleges that without access to a typewriter he cannot pursue legal claims including an appeal of his criminal case. But he fails to indicate whether he tried to pursue any claims and what specific claims and/or cases he lost due to lack of access to a typewriter. *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007) (plaintiff must "give the defendant 'fair notice' of the access claim, including the identification of the underlying

3

claim that was lost"); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("a prisoner's complaint must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions") (quotations omitted). Thus, any claims under the Fourteenth and First Amendments are **DISMISSED without prejudice**.

Cleveland also alleges that he is in an ADA cell with three other inmates, but it is not clear that he is pursuing an ADA/RA or deliberate indifference to conditions of confinement claim for his current cell conditions. He mentions the cell only in reference to a grievance that he wrote about his lack of access to a typewriter (*Id.* at p. 12). His designated Count focuses only on the lack of a typewriter (*Id.* at p. 11). Although Cleveland could possibly pursue a claim for his current cell conditions, he has not specifically alleged such a claim, only stating that Defendants refused to provide him with a typewriter (*Id.* at p. 13).

Cleveland also alleges that IDOC is liable for allowing other individuals to respond to grievances in their proxy. But IDOC cannot be liable because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Accordingly, IDOC is **DISMISSED without prejudice**.

Further, to the extent Cleveland alleges any defendant is liable under *respondeat superior* liability, Cleveland fails to state a claim because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Similarly, Defendants cannot be liable simply for denying his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Blum, Myers, Brown, Crow, Dennison, Mitchell, and Jeffreys for delaying Cleveland access to a doctor and/or specialist for the atrophy in his hand.**
>
> **Count 2:** **ADA and/or RA claim against Myers, Brown, Crow, Mitchell, and Jeffreys for not providing Cleveland with 24/7 access to a typewriter.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

As to Count 1, Cleveland fails to state a deliberate indifference claim. Although he lists Blum, Myers, Brown, Crow, Dennison, Mitchell, and Jeffreys in Count 1, he fails to state any factual allegations to suggest they acted with deliberate indifference in obtaining him treatment. He specially alleges that he saw Nurse Practitioner Blum and that Blum ordered physical therapy (*Id*. at p. 10). He also saw Dr. Myers in July 2020 and Myers submitted a request to collegial review for an appointment with a specialist which was approved. There is nothing in the Complaint to indicate that Blum or Myers delayed care or acted with deliberate indifference. There are also no factual allegations regarding treatment by Brown, Crow, Dennison, Mitchell, and Jeffreys. He only states that Defendants allowed him to be seen after five months of begging for care, but he does not indicate how Defendants were made aware of his need for care and what actions they took that denied him care. There are simply not enough facts to state a deliberate indifference claim against any of the listed Defendants. As such, Count 1 is **DISMISSED without prejudice**.

As to Count 2, Cleveland states an ADA and/or RA claim for his lack of access to a typewriter. The claim cannot proceed against the individual defendants, however, because individual employees of IDOC cannot be sued under the ADA. *Jaros v. Illinois*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Rob Jeffreys, the IDOC Director, will remain in the case, in his official capacity only, for purposes of Cleveland's ADA and RA claim.

## Pending Motions

As to Cleveland's motion for counsel (Doc. 3), he indicates that he has difficulty writing pleadings due to the atrophy in his hand. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] Further, counsel is not needed at this time because Defendant has not yet been served, and a discovery schedule has not been entered. Thus, Cleveland's motion for counsel (Doc. 3) is **DENIED without prejudice**. He may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Count 1 is **DISMISSED**. Count 2 shall proceed against Rob Jeffreys, in his official capacity only. Defendants Bob Blum, Percey Myers,

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Christine Brown, Crystal Crow, Jeffery Dennison, David Mitchell, and IDOC are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Rob Jeffreys (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Cleveland. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Cleveland, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Cleveland is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing

and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 29, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**