IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD CLEVELAND,

        Plaintiff,

v.

LATOYA J. HUGHES,[1]

        Defendant.

Case No. 22-cv-456-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Richard Cleveland, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. After a review of the Complaint pursuant to 28 U.S.C. § 1915A, Cleveland was allowed to proceed on a single count under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and/or the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794-94e, for being denied access to a typewriter (Count 2) (Doc. 12, p. 5-7). Cleveland later sought leave to amend his Complaint (Doc. 26). The motion was denied because he sought to add a class action claim and additional plaintiffs, one of which was a restricted filer and could not proceed in this Circuit until he fully paid all outstanding fees and sanctions. (Doc. 38,

---

[1] Cleveland's ADA and/or RA claim in Count 2 initially proceeded against Rob Jeffreys, in his official capacity as the director of the Illinois Department of Corrections (Doc. 12, p. 6). Latoya J. Hughes is now the acting director of IDOC. Accordingly, the Court **SUBSTITUTES** Layota J. Hughes, in her official capacity, in place of Rob Jeffreys as the proper defendant for Cleveland's claim in Count 2.

p. 3). Although Cleveland's amended pleading had a number of issues and was ultimately denied, he was granted additional time to seek leave to amend his Complaint (*Id.* at p. 4).

This matter is now before the Court on Cleveland's motion for leave to amend his Complaint (Doc. 43). Cleveland submitted a proposed Amended Complaint for review. Defendant Latoya J. Hughes filed a response in opposition to the motion (Doc. 44). Cleveland filed a reply brief (Doc. 47). Cleveland seeks to amend his Complaint in order to re-allege claims in Count 1 for the treatment of his atrophied hand.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Because an Answer has already been filed in this case, Cleveland must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires."[2]

The decision to grant a plaintiff leave to further amend a compliant under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698

---

[2] Cleveland argues in his reply brief that he should have been allowed to amend his original complaint "as a matter of course," but Cleveland's original motion to amend (Doc. 26) was filed well after 21 days after the initial Answer (Doc. 24). Thus, he must now seek leave to amend pursuant to Rule 15(a)(2).

(7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or the] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Simply put, Cleveland's proposed Amended Complaint cannot serve as a viable Amended Complaint because it only contains new allegations. The proposed Amended Complaint only seeks to re-allege the previously dismissed claims in Count 1. Cleveland includes allegations regarding the injury to his hand and the medical care he received for the injury, but there are no allegations as to the claims in Count 2 which Cleveland is currently proceeding on in this case. He has left out any claims regarding his access to a typewriter. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir.2004). Thus, the Court will not accept piecemeal amendments to the Complaint. Because the proposed Amended Complaint only includes allegations in Count 1 and fails to include his original allegations in Count 2, the Court finds it to be a piecemeal attempt to amend the Complaint. Further, the proposed Amended Complaint does not comply with SDIL Local Rule 15.1, which requires that all new material in the pleading be underlined.

For the reasons stated above, Cleveland's motion to amend (Doc. 43) is **DENIED**. The Court previously stated that it would reset the deadline to file a dispositive motion

on the issue of administrative exhaustion after resolution of Cleveland's motion to amend. Thus, Defendant Hughes now has until **September 8, 2023,** to file a dispositive motion on the issue of exhaustion.

**IT IS SO ORDERED.**

DATED:   August 10, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**